```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
   UNITED STATES OF AMERICA,          :

                                                     :

              -against-                        :          17-CR-438 (VEC)

                                                     :

   DAVID SANTIAGO,                        :          <u>ORDER</u>

                                                     :

                            Defendant.      :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on May 28, 2020, Mr. Santiago moved for compassionate release pursuant to 18 U.S.C. § 3582(c) (Dkt. 555);

       WHEREAS on June 11, 2020, the Government filed an opposition, acknowledging that Mr. Santiago had exhausted his administrative remedies, but opposing Mr. Santiago's motion on the merits (Dkt. 564);

       WHEREAS on June 25, 2020, Mr. Santiago filed a reply[1] (Dkt. 567);

       WHEREAS, a court may, according to the plain language of the statute, reduce Mr. Santiago's sentence under the rubric of compassionate release if, "after considering the factors set forth in § 3553(a)," it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i);

       IT IS HEREBY ORDERED THAT: Petitioner's motion for compassionate release is DENIED. Petitioner fails to demonstrate "extraordinary and compelling reasons" warranting the sentence reduction. Although Mr. Santiago has cellulitis, there is no evidence that cellulitis

---

[1] Mr. Santiago's reply mischaracterizes the content of the Government's opposition. For example, Mr. Santiago states that "the Government's opposition states that the BOP is in Phase 7 of its Action Plan which currently governs operations," and that the "Government's opposition goes on to state that correctional officers are required to wear masks." Def. Reply at 2-3. These statements appear nowhere in the Government's opposition.

increases his risk of severe illness or death were he to contract COVID-19.  Moreover, although Mr. Santiago suggests that cellulitis can cause blood clotting, which may result in increased health risks, Mr. Santiago's medical records do not contain any diagnosis of blood clotting.  Finally, although Mr. Santiago states that he is obese, Def. Reply at 6-7, which increases his risk of severe illness or death were he to contract COVID-19, he does not currently have COVID-19.  Mr. Santiago is an otherwise healthy 36 year-old.

Even assuming Mr. Santiago had demonstrated "extraordinary and compelling reasons" warranting a sentence reduction, his release at this point, after serving none of the sixty-month sentence imposed by this Court, would be an inadequate punishment for his crime, considering the applicable factors set forth in 19 U.S.C. § 3553(a).[2]  Moreover, given Mr. Santiago's long history of violent robberies, Mr. Santiago would pose a significant danger to the community if he were released early.

**SO ORDERED.**

Date:  **June 29, 2020**
       **New York, NY**

*(signed)* Valerie Caproni

**VALERIE CAPRONI**
**United States District Judge**

---

[2]  Mr. Santiago is currently serving a 128-month sentence imposed by Judge Carter in *United States v. Araujo et al.*, 13-CR-811 (ALC).  This Court imposed a sentence of 60 months' imprisonment in this case, to run consecutive to the sentence imposed by Judge Carter.  Dkt. 449 at 46.